IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Criminal No. 3:07-CR-436-KI |
| | Civil No.   3:11-cv-70011-KI |
| Plaintiff, | |
| | OPINION AND ORDER ON |
| v. | DEFENDANT'S MOTION |
| | UNDER 28 U.S.C. § 2255 |
| **WILLIAM KENT WISHART**, | |
| | |
| Defendant. | |

Dwight C. Holton
United States Attorney
Gary Y. Sussman
Assistant United States Attorney
Chelsie Adams
Certified Law Clerk
1000 SW Third Ave., Suite 600
Portland, OR 97204

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

Adam L. Dean
Dean Law Group, P.C.
1211 SW Fifth Ave., Suite 2350
Portland, OR 97204

       Attorney for Defendant

KING, Judge:

Before the court is defendant William Kent Wishart's Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [60]. For the reasons below, I deny Wishart's motion.

## BACKGROUND

Wishart was charged with one count of receipt and one count of possession of child pornography in an indictment returned November 17, 2007. On December 16, 2008, Wishart pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), pursuant to a Rule 11(c)(1)(C) plea agreement. The parties "agree[d]" that a sentence within [the] range [of] 48 to 60 months' imprisonment" was the "appropriate sentence in this case[.]" Plea Agmt. 3 [27]. Both sides agreed to a ten-year term of supervised release. Wishart waived his right to appeal, except in specific circumstances having to do with the sentence. In addition, he waived his right to file a Section 2255 motion other than to argue ineffective assistance of counsel. The government agreed to dismiss the receipt charge, which carried a 60-month mandatory minimum. Without the plea agreement, Wishart's advisory guideline range on the possession charge would have been 78 to 97 months.

Wishart substituted his counsel after entering a guilty plea and, at sentencing counsel's request, the sentencing date was continued three times.

On September 21, 2009, this court sentenced Wishart to 48 months' imprisonment, followed by a ten-year term of supervised release, and a fine of $12,500. Judgment was entered on September 30, 2009.[1] Judgment was amended on October 15, 2009[2] to correct a "clerical mistake in the title and section" of the statute. Am. J. 1 [51]. After repeated motions to set-over his self-surrender date, the court ordered Wishart to self-surrender on June 17, 2010.

Wishart did not appeal his conviction or sentence. He filed this Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255 on June 14, 2011, represented by a new attorney (hereinafter, "habeas counsel"). On June 16, the Court directed the government to file a short response addressing Wishart's assertion that the one year statute of limitations should not bar his motion. I gave Wishart time to reply.

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions [sic] and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20

---

[1] The Judgment was signed on September 24, filed on September 25, but was not "entered" until September 30, 2009.

[2] The Amended Judgment was signed and filed on October 13, but it was not "entered" until October 15.

Page 3 - OPINION AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255(b)) (emphasis in original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998) (citation omitted). Mere conclusory statements in a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

Section 2255 contains a one-year statute of limitations which runs from the latest of: (1) the date on which the "judgment of conviction" becomes final; (2) the date on which an unlawful or unconstitutional government-created impediment to filing has been removed; (3) the date on which "the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

## DISCUSSION

There is no need for an evidentiary hearing to decide this motion since the motion, files and records conclusively show Wishart's motion is untimely.

As I note above, the Amended Judgment was entered against Wishart on October 15, 2009.[3] Thus, at the very latest, his "judgment of conviction" became final ten days later, when the time for filing his notice of appeal ended. Schwartz, 274 F.3d at 1223 (A judgment is final

---

[3] Wishart had ten days from the entry of "the judgment or the order being appealed" to file his notice of appeal. Fed. R. App. P. 4(a) (2008). It is possible Wishart's conviction became final ten days after the initial judgment was entered on September 30, 2009. Since the petition is untimely using either date, I use the later date to give Wishart the "benefit of the doubt." See United States v. Schwartz, 274 F.3d 1220, 1224 n.1 (9th Cir. 2001).

Page 4 - OPINION AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.") (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)); Fed. R. App. P. 4 (2008).[4]  Wishart filed his Section 2255 motion on June 14, 2011, a little over seven months too late.  None of the other events from which the one year period can be measured apply here.

Wishart suggests in his initial motion (although he appears to have dropped the argument in his reply) that the one-year period is measured from his self-surrender date.  He cites no authority for this proposition and I could find none.  Reading the plain statutory language, Wishart was required to file his motion within one year of his conviction becoming final, which has been interpreted to mean when the judgment of conviction is rendered and the availability of appeal exhausted.  Schwartz, 274 F.3d at 1223.  A change in the self-surrender date does not change the finality of the conviction.  Because it is well beyond the one-year deadline from the date the judgment became final, Wishart's petition is untimely.

Wishart's remaining argument is that he is entitled to equitable tolling.  Equitable tolling is appropriate where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2562 (2010).  This "high hurdle" is rarely met because district courts must "take seriously Congress's desire to accelerate the federal habeas process[.]"  Calderon v. U.S. Dist. Court for C.D. Cal., 128 F.3d 1283, 1289 (9th Cir. 1997), overruled in part on other grounds by Calderon v. U.S. Dist. Court for C.D. Cal., 163 F.3d 530 (9th Cir. 1998).  The "threshold

---

[4]This rule was amended, effective December 31, 2009, to extend the time for filing a notice of appeal from ten days to 14 days.  The rule change makes no difference here.

Page 5 - OPINION AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). Wishart "bears the burden" of showing that he is entitled to equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

    A.    Diligence

Wishart must show "reasonable diligence," not the "maximum feasible diligence[.]" Holland, 130 S. Ct. at 2565. Wishart's habeas counsel makes the unsworn statement[5] that Wishart "spent all of the time before his self-surrender date ensuring the company would not collapse." Def.'s Reply 4. Wishart complains that his sentencing counsel did not discuss his appellate rights with him. When Wishart realized that he would be spending time in a maximum security prison he undertook his own legal research. He "contacted his [sentencing] attorney to discuss some of his research. The attorney never responded back to him." Id. at 4. His habeas counsel later says Wishart's "continued attempts to reach counsel and continued efforts to research his case" constitute due diligence. Id. at 5.

It is unclear from Wishart's filing exactly how many times he contacted his sentencing counsel about his post-conviction rights. There is no indication Wishart retained his sentencing counsel to handle anything beyond his sentencing hearing and self-surrender date, nor how long he waited to contact other counsel once his sentencing counsel "never responded back to him" about the legal research Wishart had conducted. Id. at 4. What is clear is that Wishart himself

---

[5] Habeas counsel reports that he had difficulty communicating with Wishart, who is incarcerated in Texas. He "reserves the right to file an affidavit [which] would be consistent with the factual assertions in this reply brief." Def.'s Reply 1. For the sake of efficiency, I take habeas counsel at his word and accept the statements in the reply brief as if they were made by Wishart.

Page 6 - OPINION AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

never contacted the court directly, never attempted to file a post-conviction petition on his own behalf, and that he had almost nine months between his sentencing hearing and his self-surrender date to consider how to proceed. These are very different circumstances from those discussed in Holland in which the petitioner was represented by counsel who was responsible for filing the habeas petition. Additionally, the petitioner:

> not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have [his attorney]–the central impediment to the pursuit of his legal remedy–removed from his case. And, the *very day* that [petitioner] discovered that his AEDPA clock had expired due to [counsel's] failings, [petioner] prepared his own habeas petition *pro se* and promptly filed it with the District Court.

130 S. Ct. at 2565. Further, Holland's petition was only five weeks late. See also United States v. Carlsen, No. 09-35857, 2011 WL 2631719, at *1 (9th Cir. July 6, 2011) (diligence potentially shown by writing attorney numerous times, contacting the district court, and filing petition within eighteen days of receiving information he needed; remand for evidentiary hearing).

In sum, Wishart has failed to present facts showing he exercised reasonable diligence in pursuing his right to post-conviction relief.

B.    Extraordinary Circumstances

In addition to showing he was reasonably diligent in pursuing his rights, Wishart must show "that his untimeliness was caused by an external impediment and not by his own lack of diligence." Bryant v. Arizona Att'y Gen., 499 F.3d 1056, 1061 (9th Cir. 2007). Generally, post-appeal negligence by counsel does not constitute an extraordinary circumstance sufficient to warrant equitable tolling, even though such negligence caused a federal habeas petition to be untimely. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

Page 7 - OPINION AND ORDER ON DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255

As an initial matter, Wishart's grievance with his counsel largely comes down to their representation of him during his guilty plea and sentencing; these complaints have absolutely nothing to do with meeting his burden of showing that counsel acted as an impediment to filing his Section 2255 petition on time.

His habeas counsel makes the additional general statement that Wishart would testify that "both attorneys failed to . . . respond[] to his inquiries regarding his rights on appeal" and that "his appellate rights were never discussed with him[.]" Def.'s Reply 2, 4. Wishart "contacted his second attorney to discuss" his research about "appellate rights" but "[t]he attorney never responded back to him." Id. at 4. Wishart "did not know he should have contacted an attorney sooner since he believed that the [sentencing] attorney would help him with this, and that the attorney had his best interest in mind." Id.

While these complaints are more relevant to Wishart's burden of proof, I again find it helpful to compare the circumstances of this case with those in Holland. In that case, the attorney failed to file the petition on time (despite petitioner's repeated letters reminding him about the importance of the petition), did not know when the limitations period expired (despite petitioner's citation to the applicable legal rules), failed to alert petitioner that the Florida Supreme Court had issued a ruling, and failed to respond to petitioner's letters over a period of years. See also Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (attorney retained a year before deadline, failed to prepare or file petition, ignored repeated contact by client and client's mother, petitioner filed a grievance with state bar); Porter v. Ollison, 620 F.3d 952, 956-57, 960 (9th Cir. 2010) (retained attorney to prepare petition, finding by state bar of attorney's "dishonest conduct," and rebuffed attempts to obtain the case file necessary to draft pro se petition might

entitle petitioner to equitable tolling).  Wishart's broad criticism that his sentencing counsel did not discuss his appeal rights or respond to his legal research, particularly when it is not clear they represented him post-conviction, does not reach the "high hurdle" required by the equitable tolling doctrine.

I conclude that Wishart has failed to meet his burden of proof.  Accordingly, his motion is denied as untimely.

## CONCLUSION

Wishart's Motion to Vacate, Set Aside or Correct a Sentence under 28 U.S.C. § 2255 [60] is denied.

IT IS SO ORDERED.

DATED this   11th    day of August, 2011.


                                                         /s/ Garr M. King
                                                         Garr M. King
                                                         United States District Judge